OPINION
{¶ 1} Stephone L. McGhee appeals from his conviction of possession of crack cocaine. His appointed counsel has filed anAnders brief stating he can find no arguable merit to this appeal. McGhee was given an opportunity to file his own brief in this matter, but he has not done so. The facts underlying McGhee's conviction are set out in McGhee's brief and are as follows:
 {¶ 2} On June 15, 2006, around 10:35 p.m., Dayton Police Officers Barnes and George were patrolling the area around Third and Gettysburg in Dayton. As the officers approached a BP gas station on Third Street they heard loud music coming from a Buick LeSabre located in the rear of the BP parking lot. The officers intended to issue a noise citation to the driver of the Buick LeSabre.
 {¶ 3} Officer George approached the passenger in the Buick LeSabre and Officer Barnes approached the driver, Stephone McGhee. McGhee knew Officer George from previous encounters and made an effort to get Officer George's attention. Officer George recognized and acknowledged McGhee. (Id.). George recalled that McGhee's name popped up on a misdemeanor warrant list that Officer George checked during roll call. Officer George told Officer Barnes that McGhee had a warrant for his arrest.
 {¶ 4} Officer Barnes patted down McGhee and placed him in the back seat of the police cruiser. Officer George ran McGhee's social security number through the computer and verified that McGhee had a warrant and a suspended driver's license. Officer George ran the license plate on the Buick LeSabre and it came back stolen. Officer Barnes then searched the car prior to having the vehicle towed to an impoundment lot. Officer Barnes located marijuana in the center console and a bag of crack cocaine under the driver's side floor mat.
 {¶ 5} Officer George then read Miranda rights to McGhee and McGhee said he was willing to speak with him about the drugs. McGhee stated the crack was his, he bought it from,
 {¶ 6} the passenger for $70, they planned to smoke it, and he put it under the floor mat as the police arrived. McGhee was taken to jail. The passenger was not arrested or taken to jail and he was released after the officers ran his information on the computer.
 {¶ 7} On June 16, 2006, Dayton Police Detective Rebecca Rose interviewed McGhee in the detective section of the Safety Building. Detective Rose reviewed McGhee's rights before the interview. McGhee declined to give a written statement but he orally stated the drugs were his, and that he threw the drugs under the driver's side floor mat when he saw the police. McGhee stated he has a drug problem and would like to get help from the Court. Additionally, McGhee stated he borrowed the car from Andre Hill in exchange for $140 worth of crack.
 {¶ 8} There is no arguable merit to any argument that the trial court should have suppressed the cocaine found under the driver's side floor mat. The police officers had grounds to stop the defendant's automobile for the noise ordinance violation. Once Officer George recognized McGhee was wanted on an outstanding misdemeanor warrant, police had grounds to arrest him. They also had grounds to arrest him for operating an automobile with a suspended driver's license and for automobile theft. The police properly inventoried the vehicle pursuant to its seizure, South Dakota v. Opperman (1976), 428 U.S. 364, and the drugs were properly seized incident to that inventory search.
 {¶ 9} At his sentencing, the trial court noted that McGhee had previously served a prison term. McGhee was convicted of a fourth-degree felony. The maximum sentence for that degree of an offense is eighteen (18) months, McGhee received a seventeen-month sentence. The trial judge stated she had considered the purposes of sentencing including seriousness and recidivism factors. We find no abuse of discretion in the trial court's.
 {¶ 10} sentence. We have reviewed the record of the trial and we agree with counsel that there is no arguable merit to McGhee's appeal. He was accorded a fair trial and the evidence supported his conviction. The sentence was not inappropriate.
 {¶ 11} The judgment of the trial court is affirmed.
 . . . . . . . . . . . . .
Wolff and Fain, JJ., concur.